Caneja, Appellant, v. Rosales & Co., Respondents.

Appeal from the District Court of San Juan, Section 1.

No. 874.—Decided March 10, 1913.

Ejectment—Evidence—Ocular Inspection.—An ocular inspection, although not necessary, may be very important as evidence in cases of this character, since it affords the judge an opportunity to settle on the spot the facts concerning which the witnesses testified.

Id.—Plans—Certificate of Survey.—A plan without any signature and a certificate of a survey without the approval of the owners of the adjoining properties can be considered only as acts of one of the parties which are not binding upon the other parties who took no part therein.

ID.—DESCRIPTION OF PROPERTY—EVIDENCE.—In this case the complaint described
      the parcel of land sought to be recovered, but the evidence on the description
      was so confused and incomplete that it was impossible to render a judgment
      thereon in the clear and definite manner required by law.

The facts are stated in the opinion.

*Mr. Eugenio Benítez Castaño* for appellant.

*Messrs. Bosch* and *Soto* for respondents.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Marcos Tomás Caneja filed a complaint in the District
Court of San Juan against Rosales & Co. alleging that the
plaintiff and defendant had legal capacity to sue and be sued;
that the plaintiff is the owner of a farm of 123 *cuerdas,* which
he describes; that the defendant firm is the owner of a tract
of land which joins the property of the plaintiff on the south
and west; that the division line between the properties is
determined clearly by a survey made in 1858 by Surveyor
Sárraga; that in January, 1911, the defendant firm built a
fence of posts and wires from a point known as "Bebedero"
on the Santurce-Carolina road, following the course of the
said road southwardly to a gate on the western boundary of
the plaintiff's property; that in building said fence the de-
fendant firm took in from three to four *cuerdas* of the plain-
tiff's property; that regardless of plaintiff's protest the de-
fendant firm has continued in possession of the piece of land
detained, and that in depriving the plaintiff of the posses-
sion of his land the defendant has caused him damages in
the sum of $600.

The defendants answered the complaint, admitting the
facts relative to the legal capacity of the parties and deny-
ing the other allegations. The defendants further alleged
that they had acquired their property according to the titles
of the former owners, and not following the plans of neigh-
boring or contiguous properties made in 1858 or in any other
year, and that the boundaries of their property are estab-
lished clearly by marks and natural points.

The plaintiff afterwards amended his complaint to the

effect that the parcel of land of which the defendants had illegally taken possession consisted of 6.01 *cuerdas,* giving the following description of the property:

"* * * on the east by the Carolina road; on the west by the old plantation Providencia, now the property of Rosales & Co.; on the north by lands formerly known as 'Los Frailes,' now belonging to Rosales & Co.; and on the south by other lands of the plaintiff's property."

The trial having been held, judgment was rendered on February 3, 1912, dismissing the complaint, and from that judgment the present appeal was taken.

The ground upon which the trial court dismissed the complaint was that the evidence introduced by the plaintiff did not furnish facts sufficient to describe the tract of land detained by the defendant firm.

We have made a careful examination of said evidence, and in our judgment it is not at all sufficient to justify a judgment for the plaintiff.

We have seen already that the plaintiff first alleged that the tract of land which he sought to recover contained from three to four *cuerdas* and that he afterwards amended his complaint alleging that the area of said tract was 6.01 *cuerdas.*

None of the witnesses for the plaintiff gave an intelligible description of the parcel claimed. The witnesses did not even give the boundaries by the points of the compass. They testified that the Santurce-Carolina road, which on account of the fence built by the defendant firm is now one of the boundaries of the defendants' property, used to run through the plaintiff's property. Accepting this statement as true, it would be necessary to conclude that the defendants did take some land from the plaintiff's property in extending their boundary up to the road, but even then the evidence would not afford any basis upon which to ascertain the area and the boundary lines of the tract of land taken.

No ocular inspection of the premises was made, this being a kind of evidence which, although unnecessary, may be important in cases of this character, inasmuch as it allows the judge to settle on the spot the facts testified to by the witnesses and to reach more certain and accurate conclusions with reference to the matters in controversy.

The plaintiff did not offer in evidence any plan of the tract of land claimed. The area of the tract of land as described by the witnesses did not correspond to that set forth in the amended complaint. The plaintiff Caneja himself said on the witness stand that said tract consisted of two points or triangles of land, one of 2.25 *cuerdas* and the other, which he had not been able to survey, but which he estimated at 2.25 *cuerdas* also. The sum of these two areas would be 4.50 *cuerdas,* which is far from being equal to the area claimed in the amended complaint.

The plaintiff also introduced a certificate of a survey made in 1858 by Surveyor Sárraga and a plan recently made to show graphically the facts established in the survey. The plan was not signed and the survey did not bear the approval of the owners of the adjoining properties. With such reservations both documents were admitted by the court, and for that reason they can be considered only as the acts of one of the parties and not binding upon the other parties who did not participate in the same. Notwithstanding this fact we have examined the survey made in 1858 and it does not show that the Santurce-Carolina road passed through the plaintiff's property.

In *Díaz* v. *The People et al.* this court held that to comply with the provision of section 125 of the Code of Civil Procedure, a description of the estate whereof the land claimed formed a constituent part is not sufficient, but the latter must be described in such a manner as to insure its identification in case of the execution of a judgment without the necessity of further explanations, the thing sought to be recovered not being the entire estate, but the portion detained, and the

action for recovery should be exercised against the possessor of said land. *Díaz* v. *The People et al.*, 17 P. R. R., 55.

In the case at bar the land claimed by the plaintiff was described in the complaint, but the evidence introduced to prove the truth of plaintiff's allegation, which was denied by the defendants, is so confusing and incomplete that it does not permit us to conclude that said allegation is true.

This being the case, and as the plaintiff has not produced facts sufficient to identify the land claimed, the district court could not render a judgment in the clear and precise terms required by law.

The appeal will be dismissed and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.